IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSTEN E. SAUGSTAD, JR,  )  2:09-CV-03516-JAM-KJM
                        )
         Plaintiff,     )  <u>ORDER GRANTING DEFENDANT'S</u>
                        )     <u>MOTION TO DISMISS</u>
                        )
     v.                 )
                        )
AMERICAN HOME MORTGAGE  )
SERVICING INC.; UMOC LENDING, )
INC.; OPTION ONE MORTGAGE )
CORPORATION; DANIEL BROWN )
MORTGAGE DBA UMOC LENDING, )
INC.; SONJA WINDIFRED GORMAN; )
and DOES 1 through 20,  )
inclusive,              )
                        )
         Defendants.    )
_____/

   This matter comes before the Court on Defendant American Home Mortgage Servicing, Inc.'s ("Defendant's") Motion to Dismiss, (Doc. 14), Plaintiff Osten E. Saugstad, Jr.'s ("Plaintiff's") First Amended Complaint ("FAC") (Doc. 11). The motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff also moves the Court to strike

1

portions of the FAC, pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff opposes the motion. (Doc. 28).[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2006, Plaintiff entered into a loan agreement with UMOC Lending, Inc. ("UMOC") to refinance property at 42140 6th Street, Knights Landing, California ("subject property"). This loan was secured by a Deed of Trust ("Deed"), recorded on August 22, 2006. The Deed listed Premier Trust Deed Services, Inc. as Trustee and UMOC as Lender. Plaintiff alleges that he did not receive copies of the loan documents, did not have an opportunity to review the documents, and did not receive an explanation as to the meaning of the documents at the time of closing.

On August 22, 2006, defendant Option One Mortgage Corp. ("Option One") prepared an Assignment of Deed of Trust ("Assignment") which transferred the beneficial interest in the Deed from UMOC to Option One. The Assignment was not recorded until May 14, 2007.

On or around June 16, 2008, Option One wrote a letter to Plaintiff notifying him that the servicing of his mortgage loan on the subject property was being transferred from Option One to

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

Defendant, American Home Mortgage Servicing, Inc. ("Defendant"). Plaintiff contends that he did not receive this letter.

On August 7, 2009, Plaintiff allegedly sent a Qualified Written Request ("QWR") to Defendant pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, which requested servicing information and documentation from Defendant and included a demand to rescind the loan under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667(f).

On November 18, 2009, a Notice of Default and Election to Sell Under Deed of Trust was recorded, identifying Power Default Services, Inc. ("Power") as the trustee under the Deed on the subject property. Plaintiff asserts that he has not received notice of the assignment of trustee from Premier to Power.

Plaintiff's FAC alleges five state law causes of action as to Defendant, some of which rely on federal statutes for support. The claims are: (1) violation of the California Rosenthal Act; (2) negligence (statutory and common law); (3) fraud; (4) violation of California Business & Professions Code § 17200, et seq.; and (5) breach of contract. Defendant filed a combined motion to dismiss and motion to strike portions of Plaintiff's FAC.

In his Opposition to Motion to Dismiss and Motion to Strike ("Opposition"), Plaintiff asserts that he has alleged no federal claims in the FAC, and therefore this Court should not retain

3

jurisdiction. He then emphasizes that alleged RESPA violations are an integral part of his state claims, and opposes Defendant's request to strike the RESPA allegations from the FAC.

Because it is clear that the RESPA claims are necessary to Plaintiff's other claims, the Court will retain jurisdiction and address these allegations. See Meza v. Matrix Servicing, 2010 WL 366623, at *2 (E.D. Cal. Jan. 6, 2010) ("When a complaint pleads only state causes of action, original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law.") (citing Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization, 858 F.2d 1376, 1383 (9th Cir. 1988)).

## II.  OPINION

### A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183

(1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "Notwithstanding this deference, it is improper for a court to assume the plaintiff can prove fact which he or she has not alleged." Ozuna v. Home Capital Funding, 2009 WL 2496804, at *1 (S.D. Cal. Aug. 13, 2009).

Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Generally, the court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. Sherman v. Stryker Corp., 2009 WL 2241664, at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). There are two exceptions: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. Id. Here, Defendant requests judicial notice of the Note, Deed of Trust, Assignment of the Deed of Trust,

notice of transfer of servicer and alleged QWR sent to Defendant by Plaintiff. (Doc. 15.)

Plaintiff objects to Defendant's RJN on the grounds that Defendant fails to prove "who received [the exhibits] prior to filing." However, Plaintiff does not specify to which exhibits he is referring. Plaintiff additionally requests judicial notice of the Notice of Default and second Assignment of Deed of Trust. (Doc. 29.) Accordingly, the Court takes judicial notice of both parties' documents as requested.

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Claims for Relief

    1.  Violation of the California Rosenthal Act

Plaintiff alleges that Defendant violated the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Defendant argues that it is not a "debt collector" under RFDCPA.

Based on the language of the RFDCPA, courts have declined to regard a residential mortgage loan as a 'debt' under the

RFDCPA. See <u>Ines v. Countrywide Home Loans, Inc.</u>, 2008 WL 4791863, at *3 (S.D. Cal. 2008) (stating Plaintiff's mortgage debt claim did not fall within the meaning of the RFDCPA); <u>Pittman v. Barclays Capital Real Estate, Inc.</u>, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (dismissing Plaintiff's mortgage-related RDFCPA claim for failing to "invoke statutory protections").

Plaintiff has failed to demonstrate that the RFDCPA applies to Defendant. A residential mortgage is not a debt under the RFDCPA and therefore Defendant, as a loan servicer, is not a "debt collector" under the statute. Plaintiff has not stated a plausible claim under the RFDCPA and the FAC cannot be saved by amendment. Accordingly, Plaintiff's claim for violation of RFDCPA is dismissed, with prejudice.

2. <u>Negligence</u>

Plaintiff alleges both statutory and common law negligence. As the basis for his statutory negligence claim, Plaintiff alleges that Defendant was negligent in failing to respond to his QWR pursuant to 12 U.S.C. § 2605(e). Defendant argues that Plaintiff's letter of August 7, 2009 is not a QWR as defined in the statute.

Regardless of whether the QWR was properly written as defined by the statute, Plaintiff fails to allege that he

7

suffered any actual damages as a result of failure to respond to his QWR. "A claim of a RESPA violation cannot survive a motion to dismiss when the plaintiff does not plead facts showing how the plaintiff suffered actual harm due to Defendants' failure to respond to a [QWR]." Fullmer v. JPMorgan Chase Bank, N.A., 2010 WL 95206, at *6 (E.D. Cal. Jan. 6, 2010). "While courts interpret this requirement liberally, the plaintiff must at least allege what or how the plaintiff suffered the pecuniary loss." Ash v. Onewest Bank, FSB, 2010 WL 375744, at *6 (E.D. Cal. Jan. 26, 2010); Rogers v, Cal. State Mortg. Co., Inc., 2010 WL 144861, at *11 (E.D. Jan. 11, 2010). Accordingly, Plaintiff's vague claim that "as a result of Defendants' negligence, Plaintiff suffered and continues to suffer harm," (FAC ¶ 95) is insufficient to support a negligence claim based on violation of RESPA.

    Plaintiff alleges that Defendant, as transferee, was also negligent in failing to provide notice of the transfer of servicing rights to his loan pursuant to 12 U.S.C. § 2605(c). Defendant argues that it provided proper notice to Plaintiff in the letter dated June 16, 2008.

    In his Opposition, Plaintiff suggests that he did not receive this letter. Nonetheless, for the reasons discussed above, Plaintiff fails to plead enough facts to support a claim that relies on violation of RESPA. Plaintiff fails to allege

8

that he suffered "any actual damages … as a result of the failure" to provide him with notice of the transfer. 12 U.S.C. § 2605(f)(1). Therefore, the FAC does not satisfy the pleading standards of Rule 8(a). See Tasaranta v. Homecomings Financial, LLC, 2009 WL 3055227, at **3-4 (S.D. Cal. Sept. 21, 2009) (dismissing RESPA claim alleging failure to provide notice of transfer of loan servicer); Suguri v. Wells Fargo Bank, N.A., 2009 WL 2486546, at *4 (C.D. Cal. Aug. 7, 2009) ("Plaintiff does not allege that she suffered damages from the purported transfer").

In his common law negligence claim, Plaintiff avers that Defendant owed him a duty to exercise reasonable skill and care as the servicing company to the lender. Defendant in turn asserts that it owes no duty to Plaintiff.

In order to state a cause of action for negligence, a plaintiff must allege: (1) the defendant has a legal duty to use due care; (2) the defendant breached such legal duty; (3) the defendant's breach was the proximate or legal cause of the resulting injury; and (4) damage to the plaintiff. Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996). The existence of a legal duty on the part of the defendant is a question of law to be determined by the court. Ky. Fried Chicken of Cal., Inc. v. Superior Court, 14 Cal. 4th 814, 819 (1997).

In the lending context, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). A court in the Northern District of California recently held that this general rule is applicable to loan servicers. Tsien v. Wells Fargo Home Mortg., 2010 WL 2198290, at *2 (N.D. Cal. May 28, 2010). Furthermore, another court in this district recently held that "loan servicers do not owe a duty to the borrowers of the loans they service." Pok v. American Home Mortg. Servicing, Inc., 2010 WL 476674, at *4 (E.D. Cal. Feb. 3, 2010) (granting motion to dismiss negligence claim against several defendants including AHMSI in its role as servicer of Plaintiff's loan). Therefore, as the servicing company to the lender, Defendant owes no duty to Plaintiff. Plaintiff has failed to state a claim for either statutory or common law negligence against Defendant, and the FAC cannot be saved by further amendment. Accordingly, Plaintiff's claim for common law negligence is dismissed, with prejudice.

3. Fraud

Plaintiff avers that because UMOC and Option One failed to follow the Uniform Commercial Code Article 3 and California

Commercial Code § 3301, et seq. requirements for transferring ownership of a mortgage note, therefore Defendant AHMSI did not have a legal right to service Plaintiff's loan. Plaintiff further avers that Defendant's representations that it had the right to service his loan were fraudulent.

As Defendant argues, California Civil Code § 2924, et seq., and not California Commercial Code § 3301, et seq., governs non-judicial foreclosures. See Pok, 2010 WL 476674, at *7; Peay v. Midland Mortg. Co., 2010 WL 476677, at *4 (E.D. Cal. Feb 3, 2010). Not only does Plaintiff rely on an inapplicable legal standard to support his claim, Plaintiff also fails to allege fraud with the required particularity to state a plausible claim for relief.

A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted)).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of the mind of a person may be averred generally." Fed. R. Civ.

P. 9(b). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988). "Moreover, in a fraud action against a corporation, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Saldate v. Wilshire Credit Corp., 2010 WL 582074, *at 9 (E.D. Cal. Feb. 12, 2010) (Quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991) (internal quotation marks omitted)).

The FAC fails to satisfy the "who, what, when, where and how" requirements as to Defendant. Plaintiff has already amended this claim once, and further amendment would be futile. Accordingly, Plaintiff's claim for fraud is dismissed, with prejudice.

    4.   Violation of Bus. & Prof. Code § 17200, et seq.

The California Business & Professions Code § 17200, et seq (unfair competition law, "UCL"), prohibits unfair competition. This statute has a "broad scope that allows for 'violations of other laws to be treated as unfair competition that is

independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.'" Hauk v. JPMorgan Chase Bank USA, 552 F.3d 1114, 1122 (9th Cir. 2009) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)).

While the statute is broad in scope, a plaintiff must still plead his claim so as to establish a violation of the "other law" or unfair practice in question. See Constantini v. Wachovia Mortg. FSB, 2009 WL 1810122 at *3 (E.D. Cal. June 24, 2009).

Here, Plaintiff alleges unfair competition based on allegations in the FAC of Defendant's wrongful acts. As mentioned above, Plaintiff has failed to state a claim for any of these causes of action upon which the wrongful acts are based. Accordingly, Plaintiff's UCL claim is dismissed, with prejudice.

5. Breach of Contract

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

Plaintiff alleges that under the brokerage agreement for the subject property, Defendant has an ethical duty to act in Plaintiff's best interest. Plaintiff further alleges that Defendant breached this duty by acting "in furtherance of" concealing the predatory terms of his loan when it failed to provide loan documents prior to or after closing and failed to explain the loan documents to Plaintiff.

Despite these allegations, Plaintiff fails to state a claim upon which relief can be granted. A breach of contract claim rests upon the actual terms of the contract, but Plaintiff fails to allege any breach of the express provisions of a brokerage agreement. Moreover, Defendant owes no duty to Plaintiff to explain the documents to him. Pok, 2010 WL 476674, at *4. Consequently, Plaintiff's claim for breach of contract fails and cannot be saved by amendment. Accordingly, Plaintiff's claim for breach of contract is dismissed, with prejudice.

### III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED, With Prejudice. Accordingly, the motion to strike is moot.

IT IS SO ORDERED.

DATED: July 29, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE